IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

SKYLAR SIMINGTON                                                                              PLAINTIFF
# 204539

v.                                            3:23CV00217-LPR-JTK

KIVEN BELL, et al.                                                                            DEFENDANTS

## ORDER

Skylar Simington ("Plaintiff") is in custody at the Randolph County Detention Center (the "Detention Center"). He filed pro se complaint[1] pursuant to 42 U.S.C. § 1983 against Detention Center Administrator Shawna Pfeffer and Sheriff Kiven Bell (collectively "Defendants") in their official capacities only. (Doc. No. 1 at 1-2). He also filed a Motion to Proceed in forma pauperis, which was granted. (Doc. Nos. 4, 5). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

---

[1] Two other individuals are listed as plaintiffs on the Complaint. (Doc. No. 2 at 1, 5). The Clerk of the Court opened a separate action for each additional plaintiff. The related cases are Breese v. Bell, et al., 3:23-cv-00215-LPR-JTK (E.D. Ark.) and Hampton v. Bell, et al., 3:23-cv-00216-LPR-JTK (E.D. Ark.).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.     Discussion**

**A.     Plaintiff's Complaint**

Plaintiff sued Defendants Shawna Pfeffer and Kiven Bell in their official capacities only. (Doc. No. 2 at 2). His brief statement of claim reads as follows:

> On or about September 13, 2023 we were moved from Fpod to Bpod and were placed in a moldy cell #102 and informed Cody Pirkens, Jim Roedell, Jewl unknown last name about the mold. Brian Breese and Doyle Hampton had asked to be moved outta that cell and were forced to go stay in cell # 102. We then had Brian Breese show the mold to his girlfriend. She then took screen shots of the mold on a video chat on the facility kiosk. Then days later we were moved back to Fpod where we currently are in Fpod. The drain is pushing up sewer gas and the wall is leaking large amounts of water under the wall.

(Id. at 4).

Plaintiff seeks injunctive relief. (Id.at 5).

As explained below, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.  Plaintiff will be given the opportunity to file an Amended Complaint to cure the defects in his pleading.

**B.     Official Capacity Claims Under 42 U.S.C. § 1983**

Plaintiff sued Defendants in their official capacities only. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity."  Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Plaintiff's official capacity claims are the equivalent of claims against Randolph County.

A municipality like Randolph County is a "person" as that term is used in 42 U.S.C. § 1983.  For the purposes of Plaintiff's claims here, the Defendants are Randolph County. Plaintiff can establish liability against Randolph County by showing that a constitutional violation was the result of an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom.  Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989)).  This is standard applies equally to requests for injunctive relief.  See Hood v. Norris, 189 F. App'x 580 (8th Cir. 2006).  A municipality may not be held liable "solely because it employs a tortfeasor." Szabla v. City of Brooklyn Park, Minnesota, 486 F.3d 385, 389 (8th Cir. 2007).

Plaintiff alleges unlawful conditions of confinement.  But he has not alleged that an official policy promulgated by Defendants was the moving force behind the alleged violation of his rights. Plaintiff also has not alleged facts indicating that Defendants personally were deliberately indifferent to or tacitly authorized an unlawful unofficial custom. And Plaintiff has not asserted any failure to train or supervise evidenced by a pattern of similar unconstitutional

3

violations of which Defendants were aware. As currently pled, Plaintiff's allegations fail to state an official capacity claim on which relief may be granted.

### C. Personal Capacity Claims Under 42 U.S.C. § 1983

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009)). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. See Iqbal, 556 U.S. at 678.

In his statement of claim, Plaintiff made no allegations against any specific individual. Even if Plaintiff had sued Defendants in their individual capacities, that claim as currently pled would fail. If Plaintiff intends to bring personal capacity claims in any Amended Complaint, he should keep in mind the law above.

### D. Superseding Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect.[2] Only claims properly set out in the Amended Complaint will be

---

[2] "An amended complaint 'ordinarily supersedes the original and renders it of no legal effect.'" In Home Health, Inc. v. Prudential Ins. Co. of America, 101 F.3d 600, 603 (8th Cir. 1996), quoting International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1994) (other citations omitted).

4

allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible;   3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.  See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

### III.   Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order.   If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed.   See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 3rd day of November, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE